UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COURTNEY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-1159-PPS-JEM |

OPINION AND ORDER

Courtney Johnson, a prisoner without a lawyer, filed a complaint alleging he was placed in administrative segregation without a hearing after he completed his ninety-day disciplinary segregation sanction. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson is suing five employees of the Indiana State Prison: Warden Ron Neal; Assistant Warden Dawn Buss; Rhonda Breenan; and Counselors Carney and Thate. ECF 1. He is suing each defendant in their individual and official capacities and he seeks $250,000 in compensatory damages and the same amount in punitive damages. ECF 1 at 9.

Johnson alleges that, on June 3, 2026, he finished a ninety-day sentence in disciplinary restrictive housing imposed as a sanction for a prison offense. ECF 1 at 3. On June 5, 2026, Counselors Carney and Thate came to his cell with a Report of Classification Hearing form assigning him to administrative restrictive housing for an additional ninety days and asked him to sign it. *Id*. at 3. Johnson refused to sign, explaining that his disciplinary segregation sanction was complete and that he was supposed to return to the general population. *Id*. at 4. In response, the counselors told him that "everyone has to do A/S," meaning administrative segregation. *Id.* Johnson explains that he was given no reason for the assignment, no advanced notice that he was being considered for it, no hearing to challenge the assignment, and no explanation of what he did to warrant it. *Id.* Furthermore, Johnson says that when he asked for a classification appeal form, they declined to provide one and did not tell him how he could otherwise appeal the decision. *Id.* at 5.

Johnson says he is still in restricted housing, where he is confined to his cell for most of the day and has reduced access to programs, commissary, the law library, telephones, showers, recreation, and contact with other people, and that he has suffered emotional and mental distress as a result. *Id.* at 6-7. Johnson objects that, because he had finished his ninety-day disciplinary sanction in restrictive housing, he was entitled to due process before being placed on administrative restrictive housing status for another ninety days.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . . ." However, due

process is required only when punishment extends the duration of confinement or imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Inmates generally do not have a liberty interest in avoiding transfer to administrative segregation. *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008). "Prisoners do not have a constitutional right to remain in the general population[.]" *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) (cleaned up). "In a number of other cases, [the Seventh Circuit] ha[s] explained that a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) (collecting cases holding that held segregation of two to ninety days did not trigger due process concerns).

Johnson's allegation that he was placed in administrative segregation without due process does not state a claim. Read as a whole, the complaint describes a continuous period of segregation of roughly 180 days: ninety days of disciplinary restrictive housing ending June 3, 2026, followed by another ninety days of administrative restrictive housing. Even so, the Seventh Circuit has held that segregation of comparable length does not implicate a liberty interest absent unusually harsh conditions within segregated confinement. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013).

The conditions Johnson describes are not enough to give rise to a liberty interest and due process rights under the Fourteenth Amendment. He explains that he is

confined to his cell for most of the day and has reduced access to programs, the commissary, the law library, telephones, showers, recreation, and contact with other people. ECF 1 at 6. Nothing in the complaint, however, suggests deprivation approaching the loss of all "human contact or sensory stimuli." *Hardaway*, 734 F.3d at 744. His complaint suggests he has some access to the things like showers, recreation, and social interaction, and the restrictions he describes are ordinary incidents of segregated confinement. Although he would like greater access to these things, he has not alleged facts suggesting that his confinement imposed an atypical and significant hardship.

Johnson's complaint does not state a claim for which relief can be granted. If Johnson believes he can state a claim based on (<u>and consistent with</u>) the events described in the complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) To file an amended complaint, he needs to write this cause number on a <u>**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint**</u> form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

**ACCORDINGLY:**

Courtney Johnson is **GRANTED** until <u>**September 14, 2026**</u>, to file an amended complaint and **CAUTIONED** that if he does not respond by the deadline, this case will

be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

ENTERED: August 13, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT